Mr. Adams pled guilty to reckless homicide and unlawful possession of a stolen motor vehicle. He was sentenced to concurrent terms of 25 and 8 years in prison. Mr. Adams filed a direct appeal raising only one issue, in which he sought additional sentence credit. This court agreed with the defendant and directed that the sentencing order be modified to reflect additional credit against the defendant's prison sentences. The defendant subsequently filed a pro se post-conviction petition raising two issues. The circuit judge dismissed that petition at the first stage of post-conviction review within 90 days. The defendant suggests that the basis for the judge's ruling was erroneous and he therefore respectfully asks Your Honors to vacate the dismissal order and to remand this cause for second stage post-conviction proceedings including the appointment of counsel. I think it's clear from the judge's dismissal order that the reason why he dismissed this petition was his belief that it was barred by the principle of res judicata. He didn't specifically use that term in his order, but he did state in the order that the claims raised in the petition had been adjudicated by this court. And as a result, the petition was frivolous and had to be dismissed. The fact of the matter is that these claims were not adjudicated on direct appeal. As previously noted on direct appeal, Mr. Adams raised a single issue requesting additional sentence credit, and neither of the points raised in the post-conviction petition requested additional credit. Could these issues have been raised in the defendant's previous litigation? Not on appeal, Your Honor. My reading of this court's decision in the direct appeal, which is appended to the defendant's brief, of course summarizes the facts of what Mr. Adams pled guilty to in his sentence, but then addressed really only one argument raised on appeal, which was his request for additional sentence credit. And so the precise issues raised in the post-conviction petition were not raised on direct appeal, were not addressed by this court on direct appeal. Res judicata is a term that is used loosely to cover res judicata, estoppel by judgment, or collateral estoppel. There may be even an estoppel in paes, I'm not positive. But the point is that could not have the defendant or his appellate counsel raised in the direct appeal the issue or issues, the two issues that he was raising in this case? Well, the first issue that he raises really deals with the constitutionality of one of the statutes. Which was not outside the record, and therefore he could have raised it, could he not? Because the unconstitutionality apparently occurred prior to his conviction, if I'm correct. The Supreme Court in People v. Pamacala, which he relied on in his first main issue of his post-conviction petition, was decided by the Supreme Court after his proceedings in the trial court, also in the appellate court. Although, as I think the State points out, there was prior appellate court law supporting the argument. Of course, the constitutionality of the statute really can be argued at any time. So why hypothetically it could have been raised on this case? Is this case similar to Apprendi in the sense that Apprendi related to constitutional issues that were weighed upon a plea of guilty? It's an interesting point that Your Honor raises. Which has not been argued by the parties. In Apprendi, of course, there was a question of retroactivity, whether that was something that... I think the retroactivity was more, in the terms of retrospective, and whether or not it applied to cases pending on appeal, and whether it may have as well applied to cases not on appeal. And then the issue was, was it of such a nature that pleas of guilty would not constitute waiver? And I believe the Illinois Supreme Court found that a plea of guilty did waive the right in Apprendi. And it would seem to me that if you plead guilty, which not only would be a stipulation of fact as to the facts contained in the indictment, and I believe the appellee's brief or the state's brief suggests that there was a statement of fact as to what the underlying evidence would establish that he's pleading guilty to, then I don't believe that the statement of fact indicated that it was... it even contemplated the presumption that was found to be unconstitutional and alleged facts that would be deemed substantial enough or sufficient enough to support a conviction. So it's not just a plea that constitutes a waiver. It also was a stipulation to what the record says. So those are my concerns more than whether or not there was collateral estoppel or res judicata, because we can affirm the trial court on many bases, okay? And this Apprendi situation strikes me as being, what, a gorilla in a phone booth? Well, the only thing that I would offer is to Apprendi is that Apprendi, of course, concerned the standard of proof. Various factors had to be proved, whether they're beyond a reasonable doubt or simply by clear and convincing, also whether that was something that had to be proved and decided and determined by the prior effect during the guilt or innocence phase as opposed to a trial. Whereas here, Pamacala really deals, I would argue, more with the substance of this statute and, therefore, is more of a... affects more of a substantive change in the statute than a procedural change in the statute. Certainly, the defendant would acknowledge and does acknowledge that this Court's standard of review following the first stage of post-conviction procedure is de novo. As Your Honor, Justice McClellan stated, typically this Court can affirm on any basis. Under the unusual circumstances involved in this case, however, the defendant is seeking a remand, and he really does so for two reasons. First of all, the defendant submits that because of the judge's mistaken belief that these issues had specifically been dealt with on direct appeal, the defendant, in effect, was deprived of a fair or even an adequate first-stage review of his post-conviction petition. Now, I'm not intentionally faulting the judge. I'm not saying he engaged in any intentional misconduct. But it's clear that there was a mistake here made by the judge. And the defendant, under the Post-Conviction Hearing Act, is entitled to a fair and reliable first-stage review of his petition in circuit court. Well, the State raised a forfeiture issue on their response. In your reply, you never addressed that. Can you address that? Well, I think the State is maybe arguing along the lines of what Justice McClellan stated. This is something that could have been raised on direct appeal. Again, the defendant's position, especially with the first main issue raised in the petition, is that the issue of constitutionality of the statute can be raised at any time. It could have been raised in direct appeal and may not necessarily have been raised in the direct appeal. Speaking of constitutionality, tell us how was the defendant harmed or prejudiced by, was it 9.3b of the Recker's Homicide Act? And I think... It wasn't applied to him, was it? The provision that was found unconstitutional, upon recall, Your Honor, is correct, was not applied to him. That is correct. That is correct. The defendant is not arguing, really, the substantive merits of the petition, whether the petition stated the gist. And I realize that's unusual, because typically, following first-stage review by the circuit court, where there's an appeal by the defendant, the question on appeal is, did the petition state the gist of a constitutional claim? Even if the constitutional claim doesn't really pertain to him. Well, and that becomes a question that's, I think, a factor in, does it state the gist of a constitutional claim? And I think the state's primary argument on appeal is that the allegations in the petition did not state the gist of a constitutional claim. Therefore, the judge was correct to dismiss this petition at the first stage as frivolous. But if you can allege a gist of a constitutional claim, but if it doesn't apply to you, how is that gist of a constitutional claim relevant to your case, as in this case? Right. I have not argued that the defendant has stated the gist of a constitutional claim. That's not the defendant's position on appeal. The defendant's position on appeal is that something went wrong in the first-stage process in the circuit court, and as a result, the cause should be remanded to the circuit court for additional proceedings. He also raises the issue of excessive sentence, correct? That is correct. How is a sentence excessive when it's within the statutory limits? I mean, there's loads of case law out there on that, is there not? Well, certainly even within the statutory limits, a defendant is allowed to argue on appeal, and the public court is allowed to find that a sentence is excessive. Again, the defendant is not arguing the merits of that claim in this appeal either. He claims that it's disproportionate. I don't recall any allegation that he is aware of other people who have killed four people in a DUI offense who got less, did he? Well, he refers in his petition to various other individuals who were apparently convicted of reckless homicide, I think. Not knowing the factors of mitigation or aggravation that were used for those individuals. Sure, sure. Every case is different. Every case involves different circumstances. I think some of those cases might have involved two or more fatalities, some less than two. And that's a point, again, that's argued by the State on Appeal, that this disproportionate argument is not a valid argument and has no merit. It's frivolous. Again, the defendant finds himself in the unusual position of not attempting to argue that the claim was meritorious or at least stated the gist of a constitutional claim. Again, the defendant maintains, number one, that he really did not receive a reliable first-stage review of this petition based on the reason behind the judge's decision. Secondly, the defendant would point out that because in his dismissal order the judge lists only a single reason, a single flaw, if you will, with the petition, and that is his understanding that these issues were litigated on direct appeal, I think it's logical to assume that if the judge would have taken the position that this was not barred by res judicata, that he would have docketed the petition for further proceedings. If this could have been raised on direct appeal and it wasn't, then isn't your client required to allege ineffectiveness of appellate counsel if he's going to get around res judicata or a collateral estoppel? Well, and that is certainly, as Your Honor points out, a way of getting around that. That's something that perhaps could have been added in an amended petition at second stage. It's arguably something that the defendant court should have argued in his initial petition, and he did not do so. If the judge had advanced this case to the second stage of post-conviction proceedings, rightly or wrongly, that decision at that stage would not have been appealable at that point, would not have been reviewable by this court at that point. In effect, it might have been reviewable by this court had the judge subsequently denied relief at conclusion of second stage or even had the case gone to third stage and then the case been appealed. But at the first stage, if the judge decides to advance to second stage, rightly or wrongly, at that point it's not a reviewable decision. But if he doesn't get a fair assessment of the petition, which is why you're saying this is real issue here, which is different than most of the ones we see, we have the record, we have everything the trial judge had, and we have the right to look at it from start to finish. Why can't we correct that? And as Your Honor says, sir, again, it is de novo review. The defendant acknowledges that. The defendant admits that under the Post-Conviction Hearing Act, he's really entitled to that first stage review in the circuit court. And if something went wrong to deprive him of a fair or reliable determination in the circuit court, he in effect shouldn't have the first reliable or adequate review of the petition in the appellate court, although the appellate court is certainly in as good a position as the circuit judge to make that determination. I agree with Your Honor. I think there must be a reason why we have that ability to review de novo. And I would think that is to in fact correct, if necessary, anything that the trial court did. I mean, otherwise we could use an abuse of discretion or against the manifest way to the evidence, which is totally different. So there's got to be a difference for our de novo ability in this case. What do you think it is? The defendant admits that the difference here is that this was a clear mistake. Again, not to fault the judge for doing anything intentionally, but I think all someone had to do under the circumstances was to review the post-conviction petition, review the decision of this court in the original appeal, and under those circumstances it's easy to see what was or was not argued on direct appeal. So not go beyond that, the ruling or the decision concerning the dismissal on the first post-conviction? That's the defendant's position here. And in addition, he has, Your Honors, in effect to place him in the position that he would have been in but for the judge's mistake. And that is, again, the defendant assumes that but for the judge's mistake it would have advanced to the second stage. And that's why the defendant respectfully asks, Your Honors, to remand this cause to set for second stage proceedings. Thank you. You'll get an opportunity. Thank you, Your Honors. Ms. Camden? Thank you, Your Honor. I'm Jennifer Camden from the Fifth District Appellate Prosecutor's Office in Mount Vernon. On behalf of the people and may it please the Court and counsel. You were pulled in as a substitute today? No, Your Honor. I was assigned. I wrote the brief. The case was transferred, I think, down to us. Let me ask you this. What do you think about his position? His position is you have de novo review, but your de novo review is basically limited to whether or not the post-conviction petition was frivolous or not. And that everything else, the validity of those claims is really not relevant here. But the judge made an error when he said, oh, he raised all of these issues in his appeal, therefore raised you to cut. Well, it's clear, Your Honor, that this Court can, does have de novo review and can affirm on any basis that's apparent from the record. Additionally, the phrase frivolous, frivolous or patently without merit, has been defined as having no basis in law or fact. So where a claim is factually insufficient, as where the facts in the petition are not well-pled, but rather are contradicted by the record. Or whether they're legally insufficient, as where they are, obviously, without legal significance. But was that the ruling of the Court? Did the Court say, I find that the claims are frivolous and patently without merit? Or did the Court say, the claims are frivolous and patently without merit because those are claims that he had raised previously on appeal? The opinion did say that as a result of the inherent, just right over, or it's in the appendix of the reply brief, which I believe is in the appendix. That's okay. In front of you. It does say that as a result of the finding of rens judicata that these claims are frivolous. But I would submit that that does not bind this Court. This Court may affirm for any, either because the claims could have been brought, i.e., forfeiture, or because the claims upon de novo review in this Court are without legal or factual significance. So this Court can look at the factual claims stated in the petition and say, for example, no section. So you're telling us to go beyond that where counsel thinks we're limited in going? I think it's clear that this Court can do that, yes. So, for example, this Court can say no, section 9-3B was not applied to the defendant. And this Court can look, for example, at the motion for reconsideration of sentence that this defendant filed after he was sentenced, which raised this precise excessive sentence issue that is raised in the post-conviction claim and say, and this Court can say, you know, this precise claim could have been brought on direct appeal. Might there be an issue that because on direct appeal all he requested was sentence credit, that he accepted the sentences as appropriate, therefore adjudicating that issue? I mean, it's kind of a broad take, but is that a possibility? I'm not in a position to know what the defendant's appellate counsel on direct appeal, what his strategy was or her strategy was. I think what Justice Hutchinson is asking, did he basically waive that issue by asking just for us to look at credits and not look at anything else with respect to the sentence? I'm okay with the sentence, I just want more credit. So he's accepting the sentence, he's waiving the excessive issue, and he just wants the credit. Truly, Your Honor, I'm unaware of any case law, for instance, saying that that type of waiver is in effect when a defendant only challenges the sentence. He may well have had a dispute with appellate counsel about it. I'm just not in a position to say. I can say that this Court, in providing a few days' worth of extra sentencing credits, did say that it affirmed the sentence in all other – the judgment and sentence in all other respects for what it's worth. With regard to a – to the argument that the trial judge made a – made a, quote, mistake, I would argue that the trial court judge – excuse me, well, the trial judge in first-stage post-conviction proceedings. With regard to the argument that he made a mistake in naming all of these claims as barred by a race judicata, I would agree with Justice McLaren that this term is a loose one and could well have meant that all of these claims could have been brought on direct appeal. And, in fact, they – they could have been brought on direct appeal. With respect to the Pamukkala claim, yes, this – this decision was released in 2003 and the defendant pled in 2001. But the legal underpinning for – for finding that these mandatory presumptions of recklessness are unconstitutional was in place by 1998. And, in fact, a prior – a prior appellate court case also had brought a similar claim based on 9-3B. So this is a claim that could have been – that could have been raised. And as I stated just a moment ago, the excessive sentence issue not only could have been raised but, in fact, was raised at the motion for reconsideration of sentence stage. Also, as you stated, Justice, the – where the sentence is within the guidelines, there is no – there is no constitutional claim. So this claim, in addition to being factually and legally without – without merit, also is just insufficient to state the gist of a claim. Furthermore, with respect to this disparate sentence idea, which the defendant attempts to raise, this is also legally and factually meritless because a disparate sentence claim requires a co-defendant who is similarly situated to the defendant here. We cannot base this on newspaper articles. Someone like maybe Adam Thomas? Beg your pardon? A prospective or possible co-defendant by the name of Adam Thomas. This defendant's name is Thomas Adam. Yes, Your Honor. I'm not sure. Never mind. Does it have to be a co-defendant or does it – is the primary dispute somewhat similarly situated? Or does similarly situated encompass a co-defendant? The cases that I've seen, Your Honor, seem to indicate that where it – that where an argument is based on separate cases entirely, that it just cannot be. And the people cited a case near the end of the brief in which that type of claim, a claim based on not a co-defendant but separate cases entirely, was just dismissed out of hand as being unable to constitute a disparate sentence. And as this Court observed previously, the precise facts of the newspaper article cases that the defendant raised were not known. And a few cherry-picked facts from newspaper accounts can't provide anyone with enough to argue that they were similarly situated. You're talking about the Caloero case. Yes, that's – well, and then there was a – Spriggan. Beg your pardon? Spriggan. Yes, and then there was an older case in which it was a Utenans, Utenans, on page 18 of the people's brief. This is from the First District in 1982. It was the only case I could find in which a similar argument has been tried. Where it was unrelated to his case at all? Yes, Your Honor. If the – if the Court has no further questions, I'll stand on my brief. You raised the Prendi in your brief, but did you raise it in the context that I was raising the question? Not quite, Your Honor. This is on page 8 of the people's brief. And the point that I was illustrating there, and this is about a third of the way down in that big paragraph, is that because the defendant in Townsville, the Townsville case from the Illinois Supreme Court in 2004, pled guilty, it was unnecessary to prove these other facts beyond a reasonable doubt. So the Prendi claim could not be brought because there was a plea. And the analogy that I drew was that in this case, the defendant pled guilty and in so doing admitted that he was reckless. And thus, the section 9-3b was not applied to him, that there was no jury to be instructed to make this unconstitutional mandatory presumption. And furthermore, the judge also did not apply it. He heard a factual basis for the plea, heard ample evidence of the defendant's recklessness. One blood alcohol test showed that he had a blood alcohol level of .178, which is more than twice the legal limit, and accepted the plea. Did the Townsville case relate to the plea of guilty, accepting and stipulating the factual basis for the plea, or was it more in the abstract and merely said that if you plead guilty, you're basically admitting the allegations in the complaint or the indictment? I'm not sure I understand your question. In both instances, there would have to be an acceptance. Well, in our instance, I think you pointed out in your brief that there were factual statements made during the plea agreement or the taking of the plea that substantiated the elements of the crime without the presumption coming into question. In the Townsville case that you cited on page 8, was that a situation where there was a factual scenario presented as well, or were you arguing in that case that the plea of guilty was a stipulation to the allegations in the charging document, i.e., the indictment or the complaint? I see. Truly, I'm not sure, Your Honor, of whether the issue of the – of whether the factual basis of the plea was at issue in Townsville. I mean, when a defendant pleads guilty, he is, though, pleading guilty to every one of the elements. So I'd argue that that's the relevant point. That's the relevant point here. But he admitted to recklessness in this case, in the factual basis? In pleading guilty, he necessarily admitted recklessness. Do you have any questions, too? No. Thank you. I'll stand on my brief on the rest. Thank you. Thank you. Mr. Fisher. Thank you, Your Honor. Just very briefly, first, I apologize to the Court and to counsel. It was – Your Honor, it was just brought out. Counsel did bring up Apprendi in – But not in the context that I asked in response to the brief. So the other thing to say, I answer Your Honor's questions concerning Townsville. In that particular case, it was a guilty plea. The factual basis to which he agreed would have allowed the judge to impose a non-extended term sentence between 20 and 60 years. Based on matters brought out in sentencing, the judge found that he was eligible for an enhanced sentence. The defendant did not agree and, in fact, fought strenuously against the enhanced sentence. Nonetheless, the Illinois Supreme Court held in that case, simply by virtue of his guilty plea, he could not challenge the enhanced sentence under Apprendi. That concludes my remarks. Mr. Roberts, do you have any other questions? I'd be happy to entertain them. It's a pretty fundamental issue, but the judge says race judicata was handled on appeal and, therefore, it is frivolous. Your definition – or what is your definition of frivolous? Well, apparently, based upon your argument, it doesn't fall within those findings. I think, arguably, at least from my perspective, something can be procedurally frivolous, such as race judicata. I think the case law says that if it's truly race judicata, that is an adequate basis for first-stage dismissal. And, of course, in order for there to be first-stage dismissal, there must be a finding of frivolousness. So I think frivolousness does encompass race judicata. I think the State's primary argument – not their only argument, but their primary position – is that the issues were also substantively frivolous and, therefore – in other words, they did not state the gist of a claim. They could not succeed. And, therefore, regardless of the correctness or incorrectness of the judge's race judicata finding, nonetheless, this Court should affirm. You're saying that you should have had the opportunity to present that at first stage before the Court made that finding. That's correct, Your Honor. I think here the process, in effect, broke down. And as a result, under the unique circumstances in this case, this Court should remand for further proceedings rather than simply applying a de novo review to the judge's decision. And, of course, we can't remand it to the trial court. At least there's no procedure that I'm aware of to remand it for a further first review. But your position basically is, had the mistake not been made, that we presume it would have gone to second stage and, therefore, the defendant presumes it, and, therefore, that's where you want it to go. Yes, Your Honor. That's correct. Isn't that a pretty broad presumption? Well – Or is that just – are you adopting that because you don't know of any other method? You know that we can't send it back to the trial court. Right. At first stage. Well, and Your Honor brings up an interesting point. I think there's some logic to what Your Honor says. The other cases dealing with first stage dismissal that's reversed have sent back for second stage, even under the circumstance where a judge fails to make that first stage decision within 90 days, which seems just like a procedural snafu, and there would seem to be some logic to remand for first stage under the circumstances, but instead the Illinois courts have held that it must be remanded for second stage. I think the judge can, again, or perhaps for the first time, address this matter of substantive frivolousness, if you will, or just of a claim even at second stage, although technically you're beyond that. At second stage, of course, the state can file a motion to dismiss, saying for whatever reason these issues cannot succeed, and a judge can agree with that, so I think there's a little bit of overlap between first and second stage, and even remanding for second stage, the judge can still get at some of what he could have done at first stage. And one last question. It's usually frivolous and patently without merit. Are they separate and distinct, or do they go together? Well, it's an interesting question. In the words of the statute, I think they go together. I think they basically mean the same thing, although, again, I acknowledge that there's a place for this procedural frivolousness such as race judicata, which is different from whether the issues have merit or not. They may have merit, but they've already been decided, so you can't raise them again. I don't know if that adequately is about the best I can say. Well, I'm stumped. I can't figure out whether frivolous and patently without merit is redundant or whether it's in the disjunctive or conjunctive. We'll go ponder on that. I will.  Thank you.